1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AURORA LOAN SERVICES, LLC,

11            Plaintiff,                    No. 2:11-cv-2485-MCE-KJN-PS

12       v.

13   RAMNAR MONTOYA,

14            Defendant.              ORDER AND FINDINGS AND
                                      RECOMMENDATIONS
15   _____/

16            Presently before the court is plaintiff's motion to remand this unlawful detainer

17   action to the Superior Court of California for the County of Solano ("Superior Court").  (Mot. to

18   Remand, Dkt. No. 4.)[1]  A review of the court's docket indicates that defendant Ramnar Montoya

19   ("defendant") has not filed a written opposition to the pending motion to remand.

20            This matter came on for hearing before the undersigned on November 3, 2011.

21   Attorney Ted Slabach attended on behalf of the plaintiff.  There was no appearance on behalf of

22   defendant.

23            Having reviewed the briefs and record in this case, the undersigned recommends

24   that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  on grounds that this court lacks subject matter jurisdiction over plaintiff's single claim for

2  unlawful detainer.

3  I.      BACKGROUND

4              On June 13, 2011, plaintiff Aurora Loan Services, LLC's ("Aurora" or "plaintiff")

5  filed a Verified Complaint for Unlawful Detainer ("Complaint") in the Superior Court, Case

6  Number FCM122724, seeking to recover possession of the property alleged to be situated in the

7  County of Fairfield.  (Notice of Removal, Dkt. No. 2, Exh. A thereto ("Compl.").)  The

8  Complaint alleges that plaintiff purchased the subject property at a trustee's sale that occurred in

9  accordance with California state law and terms of the Deed of Trust executed by defendant, that

10 plaintiff's title pursuant to that sale has been perfected, and that plaintiff is entitled to immediate

11 possession of the property.  (Compl. at 1-2.)  It further alleges that plaintiff provided defendant,

12 who once owned and apparently still occupies the property, with a written notice to vacate the

13 premises and deliver possession of the property within 3 days after service of such notice, and

14 that defendant failed to vacate and deliver possession.  (Id.)  Through this action, plaintiff seeks:

15 (1) restitution and possession of the subject property; and (2) damages at a rate of $70.00 per day

16 from March 25, 2011, until the date of entry of judgment for each day that defendant remains in

17 possession of the property.[2]  (Compl. at 3.)

18             On September 19, 2011, defendant removed this matter to the United States

19 District Court for the Eastern District of California.  (Notice of Removal, Dkt. No. 2.)  Defendant

20 removed this case pursuant to "28 U.S.C. § 1446(a) and/or (b)" (Notice of Removal at 2), and

21 asserted that "[t]he complaint presents federal questions" and cited "The Protecting Tenants at

22 Foreclosure Act [12 U.S.C. § 5220]."  (Notice of Removal at 2.)  Defendant alleges that he

23 asserted 12 U.S.C. § 5220 in a demurrer filed in the state court action, but that "the Superior

24 _____

25       [2] Plaintiff filed this action as a limited civil action in the Superior Court, and the caption
   of the Complaint states: "AMOUNT DEMANDED DOES NOT EXCEED $10,000."  (Compl.
26 at 1.)

2

1  Court . . . did not sustain the demurrer."  (Id.)  Defendant's Notice of Removal does not assert

2  diversity as a basis for jurisdiction, and contains no allegations regarding citizenship or the

3  jurisdictional amount.

4  II.    LEGAL STANDARDS

5          In relevant part, the federal removal statute provides:

6          (a) Except as otherwise expressly provided by Act of Congress, any civil
           action brought in a State court of which the district courts of the United
7          States have original jurisdiction, may be removed by the defendant or the
           defendants, to the district court of the United States for the district and
8          division embracing the place where such action is pending. . . .

9          (b) Any civil action of which the district courts have original jurisdiction
           founded on a claim or right arising under the Constitution, treaties or laws
10         of the United States shall be removable without regard to the citizenship or
           residence of the parties. Any other such action shall be removable only if
11         none of the parties in interest properly joined and served as defendants is a
           citizen of the State in which such action is brought.

12

13  28 U.S.C. § 1441(a), (b).  A defendant "desiring to remove any civil action" from state court to

14  federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of

15  Civil Procedure and containing a short and plain statement of the grounds for removal, together

16  with a copy of all process, pleadings, and orders served upon such defendant" in the state action.

17  28 U.S.C. § 1446(a).  "The defendant bears the burden of establishing that removal is proper."

18  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

19  denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

20  jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right

21  of removal in the first instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d

22  1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per

23  curiam)).

24  III.    DISCUSSION

25          As noted above, defendant removed this action to federal court on the basis of this

26  court's federal question jurisdiction.  For the reasons that follow, however, the undersigned

3

1    concludes that this court lacks subject matter jurisdiction over plaintiff's claim.

2            District courts have federal question jurisdiction over "all civil actions that arise

3    under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

4    under' federal law either where federal law creates the cause of action or 'where the vindication

5    of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

6    Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

7    (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

8    presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

9    rule,' which provides that federal jurisdiction exists only when a federal question is presented on

10   the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091;

11   Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of

12   federal question jurisdiction is determined from the face of the complaint.").  "In determining the

13   existence of removal jurisdiction, based upon a federal question, the court must look to the

14   complaint *as of the time the removal petition was filed*.  Jurisdiction is based on the complaint as

15   originally filed . . . ."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)

16   (emphasis in original) (citation and quotation marks omitted).

17           Here, plaintiff filed its Complaint in Superior Court asserting a single claim for

18   unlawful detainer premised solely on California law.  Because a claim for unlawful detainer does

19   not by itself present a federal question or necessarily turn on the construction of federal law, no

20   basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S. Bank

21   Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010)

22   (unpublished) (holding that a single claim for unlawful detainer under state law did not provide a

23   basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM

24   DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac

25   Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D.

26   Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG

(POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

As noted above, while defendant has not filed a written opposition to the motion for remand, his Notice of Removal suggests that this court's subject matter jurisdiction over plaintiff's single unlawful detainer claim somehow presents "federal questions," and defendant cites to "The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]."[3]  (Notice of Removal at 2.)  Defendant suggests that the state court erred in denying his demurrer, which alleged that plaintiff's violation of 12 U.S.C. § 5220 rendered defective the foreclosure and/or Notice To Occupant(s) To Vacate Premises.  (Exh. A to Notice of Removal at 15; Notice of Removal at 2.)

Defendant has not met his burden of demonstrating grounds for jurisdiction.  See

---

[3]  Defendant describes 12 U.S.C. § 5220 as "The Protecting Tenants at Foreclosure Act." To clarify, 12 U.S.C. § 5220 is part of the Emergency Economic Stabilization Act, specifically, a subchapter entitled the "Troubled Assets Relief Program" ("TARP").  The citation for the "Protecting Tenants at Foreclosure Act" is  Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009). The Emergency Economic Stabilization Act, 12 U.S.C. §§ 5201 et seq., states that its purpose is to restore "liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1).  "Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Emergency Economic Stabilization Act ("ESSA") codified in 12 U.S.C. §§ 5201 et seq.  Specifically, Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Troubled Assets Relief Program ("TARP") that was enacted as a subchapter of ESSA. 12 U.S.C. §§ 5211-5241." Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished)).

While the undersigned does not make a determination on the issue, federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of action.  Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished) (citing Fannie Mae v. Lemere, No. S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (unpublished) (citing Nativi v. Deutsche Bank Nat'l Trust, No. 09-06096 PVT, 2010 WL 2179885, at *1-4 (N.D. Cal. May 26, 2010) (unpublished)); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished)).

Similarly, while the undersigned does not make a determination on the issue, district courts have held that there is neither an express nor implied private right of action against financial institutions that receive funds under the troubled assets relief program ("TARP") pursuant to the ESSA.  Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1184-85 (N.D. Cal. 2009) ("In creating TARP, Congress gave a private right of action to those specifically harmed by TARP to challenge the actions of the Secretary.  12 U.S.C. § 5229.  This right of action is limited to causes of action to which there is no other adequate remedy in court. 5 U.S.C. § 704.  These provisions give those affected directly by the Secretary's action to bring a case in court against him, but nowhere in the judicial review section is there a mention of a right of action against non-governmental entities.").

1   e.g., Placer Dome, Inc., 582 F.3d at 1087.  First, defendant's dissatisfaction with state court's

2   denial of his demurrer is not itself a basis for federal question jurisdiction.  Plaintiff must use the

3   mechanisms provided within the California Rules of Civil Procedure for appealing or otherwise

4   contesting the state court's actions with respect to his demurrer.  Second, while defendant cites a

5   federal statute and suggests that it renders the foreclosure and/or Notice To Occupant(s) To

6   Vacate Premises defective, that statute is not implicated by plaintiff's complaint.  The plaintiff is

7   "the master of his complaint," and may "generally avoid federal jurisdiction by pleading solely

8   state-law claims." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Balcorta

9   v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000); Caterpiller, Inc. v.

10  Williams, 482 U.S. 386, 392 (1987)).  Here, as pleaded, the complaint is strictly an action based

11  on the California unlawful detainer statutes.  (Compl. at 1-3.)  Consequentially, defendant's

12  assertions of 12 U.S.C. § 5220 and "The Protecting Tenants [At] Foreclosure Act" are best

13  characterized as defenses or potential counterclaims; neither of which are considered in

14  evaluating whether a federal question appears on the face of a plaintiff's complaint.  Vaden v.

15  Discover Bank, 129 S. Ct. 1262, 1272 (2009) (federal question jurisdiction cannot "rest upon an

16  actual or anticipated counterclaim"); Valles, 410 F.3d at 1075 ("A federal law defense to a

17  state-law claim does not confer jurisdiction on a federal court, even if the defense is that of

18  federal preemption and is anticipated in the plaintiff's complaint."); Metro Ford Truck Sales, Inc.

19  v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998); Takeda v. Nw. Nat'l Life Ins Co., 765

20  F.2d 815, 822 (9th Cir. 1985).  Plaintiff's "state-based unlawful detainer claim does not, as

21  [d]efendant urges, become a federal cause of action merely by [p]laintiff's reference to a federal

22  statute." SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D.

23  Cal. Nov. 19, 2010) (unpublished).

24          Further, federal district courts have held that a defense based on the Protecting

25  Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction.  See SD Coastline

26  LP, 2010 WL 4809661, at *1-3; Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx),

1   2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished) (". . . provisions requiring that

2   notice be given ninety days in advance and preventing termination of a bona fide lease unless a

3   purchaser will occupy the unit as a primary residence, see P.L. No. 111-22 § 702(a)(2)(A), offer

4   [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply

5   with these requirements. A federal defense, however, does not support federal-question

6   jurisdiction.") (citing Valles); Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010

7   WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished); Ignacio, 2010 WL 2696702, at *2.

8          In sum, plaintiff's unlawful detainer complaint does not itself provide a basis for

9   federal question jurisdiction.  Even if they are premised upon federal law, plaintiff's potential

10  defenses or counterclaims cannot provide the basis for removal jurisdiction here.  Accordingly,

11  28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's

12  single claim for unlawful detainer brought pursuant to California law.

13          IV.    CONCLUSION

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.     The status conference currently set for February 16, 2012, is vacated.

16          And IT IS HEREBY RECOMMENDED that:

17          1.     Plaintiff's Motion to Remand (Dkt. No. 4) be granted and

18          2.     This matter be remanded to the Superior Court of California, County of

19                 Solano, on the grounds that this court lacks subject matter jurisdiction over

20                 plaintiff's claims.

21          3.     The Clerk of the Court vacate all dates in this case and close the case.

22          These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

24  days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

26  Such a document should be captioned "Objections to Magistrate Judge's Findings and

7

Recommendations."  Any response to the objections shall be filed with the court and served on

all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED:  November 8, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8